C. Moze Cowper (CA Bar No. 326614)
**COWPER LAW LLP**
12301 Wilshire Boulevard, Suite 303
Los Angeles, California 90025
Tel.: (877) 529-3707
mcowper@cowperlaw.com

Annie McAdams, *pro hac vice*
**ANNIE MCADAMS PC**
2900 North Loop West, Suite 1130
Houston, Texas 77092
Telephone: (713) 785-6262
annie@mcadamspc.com

Bryan O. Blevins, Jr., *pro hac vice*
**PROVOST UMPHREY LAW FIRM**
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Tel.: (409) 835-6000
bblevins@pulf.com

David E. Harris, *pro hac vice*
**SICO HOELSCHER HARRIS, LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 653-3300
dharris@shhlaw.com

Attorneys for Plaintiff, Jane Doe (M.S.H.)

IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JANE DOE (M.S.H.)
    Plaintiff,

v.

MARRIOTT INTERNATIONAL INC. D/B/A
COURTYARD BY MARRIOTT; and W2005/
FARGO HOTELS (POOL A) REALTY, L.P.

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

CASE NO. 2:24-CV-10506–CBM-PD

**PROTECTIVE ORDER**

## 1.   PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve the production of confidential, proprietary, or

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD

private information for which special protection may be warranted.  Accordingly, the Court hereby enters the following Protective Order.  It does not confer blanket protection on all disclosures or responses to discovery—the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles—and it does not presumptively entitle Parties to file Protected Material under seal.

**2.     DEFINITIONS**

2.1     "Action" means the case captioned above.

2.2     "Party" means any party named in this Action.

2.3     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.4     "Plaintiff's Identity" means the Plaintiff's personally identifiable information, including: (i) names and aliases used by Plaintiff at any time; (ii) Plaintiff's date of birth; (iii) Plaintiff's social security number; (iv) Plaintiff's current and prior residential addresses; (v) Plaintiff's phone numbers and social media or online user account names; (vi) Plaintiff's likeness; and (vii) the names of Plaintiff's parents, siblings, children, and other relatives and individuals who can be traced to Plaintiff and/or her whereabouts.

2.5     "Confidential" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) potentially sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information; (ii) competitively sensitive information; and (iii) any material prohibited from disclosure by statute or Court Order that is nonetheless discoverable.

2.6     "Designating Party" means a Party or Non-Party that marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.7     "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

2.8 "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this Action.

2.9 "In-House Counsel" means Attorneys who are employees of a Party.

2.10 "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

2.11 "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.12 "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

2.13 "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" as provided for in this Order.

2.14 "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

2.15 "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

2.16 "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

### 3. SCOPE AND DURATION

3.1 The protections conferred by this Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

3.2    This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

3.3.    This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all.

3.4    To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

3.5    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material.

3.6    All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Protective Order with respect to all such retained information. Further, the Party or Parties receiving the Protected Material shall keep their attorney work product which refers or relates to any Protected Material.

**4.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1    All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material by the Producing Party.

4.2    Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

(a)    The Parties, including the current employees, officers, and representatives;

In addition, employees, officers, and representatives of management companies and affiliated entities of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A.

(b)    Former employees, officers, and representatives of the Parties, provided that any such person may not retain any documents containing Protected Material;

(c)    Current and former contractors of the Parties, who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

(d)    Counsel for the Parties and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses;

(e)    Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses;

(f)    The Court and Court personnel;

(g)    Court reporters, recorders, and videographers engaged for depositions;

(h)    Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

(i)    Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

(j)    A person identified in the document containing Protected Material as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document containing Protected Material, or a person employed by an entity or agency who employed the author, source, addressee, or recipient of the Protected Material or which already has a copy of the Protected Material;

(k)    Professional Vendors who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

(l)    Government agencies and agency personnel, but only to the extent that the Disclosing Party reasonably believes disclosure of the Protected Material is potentially necessary

to litigate any claims or defenses or to comply with any obligations or requirements;

(m)     In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Protected Material, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Protected Material following the deposition; and

(n)     Any other persons who the Disclosing Party reasonably believes may possess discoverable information (*i.e.*, information which may lead to the discovery of admissible information), provided that any such person may not retain any documents containing Protected Material.

4.3     If any witness required by this Order to execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A refused to do so, the party seeking to disclose the Protected Material may file an *ex parte* motion seeking leave, upon a showing of good cause, for an exemption from the requirement that the person execute the Acknowledgment & Agreement to be Bound.

4.4     Prior to any disclosure of any Discovery Material marked "CONFIDENTIAL" to any person required by this Order to execute the Acknowledgement and Agreement to Be Bound attached as Exhibit A, such person shall be provided a copy of this Protective Order and shall sign the Acknowledgement and Agreement to Be Bound, in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement and Agreement to Be Bound, and produce it to opposing Counsel prior to such person being permitted to testify at a deposition or trial.

4.5     In the event that an attorney of record for a Party desires that Protected Material be disclosed to anyone beyond that which is allowed in this Order, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for resolution.

4.6     Filing Protected Material.

(a)     Before filing Protected Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the Protected Material designation, whether the document can be

6

redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Protected Material at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of the Local Rules, even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

(b)     Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

(c)     Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.

**5.     <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1     Before producing Protected Material, the Producing Party shall mark every page containing Protected Material as "CONFIDENTIAL", as appropriate, or give other comparable notice. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

5.2     All Protected Material not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated pursuant to the terms herein, shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order.

5.3     In the event that a Producing Party fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the Protected Material designation. Upon receiving the Protected Material with the correct designation, the Receiving Party shall return or securely destroy, at the Designating

Party's option, all Discovery Material that was not designated properly.

5.4     If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or Non-Party considers to be Protected Material, Counsel for the Party or Non-Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

5.5     For testimony given in a deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will or will not be treated as Protected Material. If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Protected Material, then said deposition or hearing testimony shall be treated as Protected Material until 14 days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 14-day period following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Protected Material. After the 14-day period, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order. The Parties may agree to a reasonable extension of the 14-day period for designation. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

5.6     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or delay the case development process or to

impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.7 Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: the Designating Party must affix the words "CONFIDENTIAL" to each page that contains Protected Material, in accordance with Section 5.1, *supra*. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony (in accordance with Section 5.4, *supra*), without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fourteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material. If a Party or Non-Party desires to safeguard Protected Material at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL," in accordance with Section 5.2, *supra*. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.8 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6.       CHALLENGING PROTECTED MATERIAL DESIGNATIONS**

6.1     A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2     Any challenge to a designation of the Designating Party's Discovery Material under this Order shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

6.3     The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

6.4     The entry of this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

6.5     Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. In the event that a Designating Party withdraws a Protected Material designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate Protected Material designation, if any, as applicable.

6.6     Any Party or Non-Party may challenge a Protected Material designation at any time so long as the challenging Party or Non-Party acts promptly and with due diligence after learning

of the designation.

6.7     The Parties must make every attempt to resolve any dispute regarding Protected Material designations without court involvement. Any motion regarding Protected Material designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.8     If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain a Protected Material designation.  The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as Protected Material until the Court rules on the challenge.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1     If a Receiving Party receives a subpoena or other compulsory process (*e.g.*, court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Designating Party and its Counsel within seven days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.

7.2     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**8.    <u>UNAUTHORIZED OR INADVERTENT DISCLOSURE</u>**

8.1    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

8.2    Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

8.3    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.  The discloser must also use its best efforts to obtain the signature of the unintended disclosee on the Acknowledgement and Agreement to be Bound attached as Exhibit A.

8.4    The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to, or shall serve to limit a Party's right to

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD

conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of Protected Material shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

8.5    Upon discovery that a document has been produced that the Producing Party believes to contain Disclosed Protected Information, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

8.6    The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Protective Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return, delete, or destroy all copies of the Disclosed Protected Information; and (ii) provide a certification from Outside Counsel that all of the Disclosed Protected Information has been returned or destroyed.

8.7    Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

8.8    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**9.    REDACTION AND USE OF PLAINTIFF'S IDENTITY**

9.1    During the pre-trial proceedings in this litigation and in any public filing, the Parties will, unless ordered otherwise by the Court, use the pseudonym "M.S.H." in place of Plaintiff's Identity on any court paper title page captions, but Plaintiff's name and may be freely referenced

in the body of any court document or in any other document or communication. In addition, defendants will not intentionally disclose Plaintiff's Identity to any person who has been explicitly designated to defendants in writing as a trafficker by Plaintiff until defendants provide 15-day notice to the Plaintiff of the intention to contact the trafficker to permit Plaintiff to seek further protection from the Court should it be necessary. The Plaintiff's Identity will be revealed to the designated trafficker and/or associates only to the extent necessary to assist in their recollection of Plaintiff and/or her trafficking history and such person or persons may not retain documents containing Plaintiff's Identity. Plaintiff's and Plaintiff's family's physical location and phone numbers will never be disclosed to Plaintiff's trafficker and/or the trafficker's associates.

9.2    Within three days of the entry of this Order by the Court, if such disclosure has not already been made, Plaintiff shall provide defendants, through their Counsel, with the following:

(a)    Plaintiff's full name, maiden name, and alias names used at any time;

(b)    Plaintiff's date of birth;

(c)    Plaintiff's Social Security Number;

(d)    Plaintiff's current address and prior addresses from 2010 (the year that the alleged trafficking began) to present;

(e)    The case name and case number of any known criminal prosecutions of Plaintiff;

(f)    The names of Plaintiff's trafficker(s), including any known associates of the trafficker(s); and

(g)    The case name and case number of any known criminal prosecutions of Plaintiff's trafficker(s) of their known associates.

## 10.    **<u>MISCELLANEOUS</u>**

10.1    Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this Action.

10.2    The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

10.3    Within 90 days after the termination of this Action, including all appeals, each

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD

Receiving Party must return all Protected Material to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

10.4    Notwithstanding Section 10.3, Counsel are entitled to retain archival copies of all documents filed with the court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. All material designated as Protected Material shall remain so designated and protected from disclosure.

10.5    The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

10.6    Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By complying with this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification sua sponte by Court order.

10.7    The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

10.8    This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

10.9    Designating Party does not waive any right it otherwise would have in this Action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD

10.10   Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

10.11   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to nor shall it serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.

DATE: 03/09/2026

Patricia Donahue

_____

Patricia Donahue
United States Magistrate Judge

PROTECTIVE ORDER
CASE NO. 2:24-cv-10506-CMB-PD

This order has been approved as to form by all parties.

Dated: March 5, 2026

/s/ Bryan O. Blevins, Jr.
PROVOST UMPHREY LAW FIRM
Bryan O. Blevins, Jr. *pro hac vice*
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Tel.: (409) 835-6000
bblevins@pulf.com

C. Moze Cowper (CA Bar No. 326614)
**COWPER LAW LLP**
12301 Wilshire Boulevard, Suite 303
Los Angeles, California 90025
Tel.: (877) 529-3707
mcowper@cowperlaw.com

Annie McAdams, *pro hac vice*
**ANNIE MCADAMS PC**
2900 North Loop West, Suite 1130
Houston, Texas 77092
Telephone: (713) 785-6262
annie@mcadamspc.com

David E. Harris, *pro hac vice*
**SICO HOELSCHER HARRIS, LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 653-3300
dharris@shhlaw.com

*Attorneys for Plaintiff, Jane Doe (M.S.H.)*

/s/Ellen E. Dew
**DLA PIPER LLP (US)**
Michael P. O'Day, *pro hac vice*
Ellen E. Dew
Virginia R. Callahan
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
(410) 580-3000
Michael.oday@us.dlapiper.com
Ellen.dew@us.dlapiper.com

Ben C. Fabens-Lassen
200 Avenue of the Stars, Suite 400
North Tower
Los Angeles, California 90067
(310) 595-3000
Ben.fabens-lassen@us.dlapiper.com

Amanda Lynn Morgan
DLA Piper LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105
(415) 836-2500
Amanda.morgan@dlapiper.com

*Attorneys for Defendants Marriott
International, Inc. and Marriott
International Franchising, LLC*

/s/Philip Barilovits
Philip Barilovits
Mark S. Posard
**GORDON REES SCULLY
MANSUKHANI LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
(916) 565-2900
pbarilovits@grsm.com
mposard@grsm.com

*Attorneys for Defendant W2005/Fargo
Hotels (Pool A) Realty, L.P.*

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD

**EXHIBIT A**

IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE (M.S.H.)  §<br>    Plaintiff,  §<br> §<br>v.  §<br> §<br>MARRIOTT INTERNATIONAL INC. D/B/A  §<br>COURTYARD BY MARRIOTT; and W2005/  §<br>FARGO HOTELS (POOL A) REALTY, L.P.  §<br> §<br>    Defendants.  § | CASE NO. 2:24-CV-10506-CBM-PD |

**ACKNOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury of California laws that the following is true and correct:

1.    My address and phone number are:

_____

2.    I have received a copy of the Protective Order in the above- captioned lawsuit
(Dkt. No. _____).

3.    I have carefully read and understand the provisions of the Protective Order.  I agree
to be bound by the Protective Order.

4.    I specifically agree that I will not use or disclose to anyone the "Protected Material"
(as defined in the Protective Order) unless such disclosure is specifically allowed
under the terms of the Protective Order.

Signed this _____ day of _____ 202__ in _____, _____

by:

Signed:        _____

Print Name:        _____

PROTECTIVE ORDER
CASE NO. 2:24-CV-10506-CMB-PD